**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES DISTRICT JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812 |

March 31, 2022

LETTER TO COUNSEL

      RE:    *Hesman T. v. Commissioner, Social Security Administration*
                Civil No. SAG-20-3698

Dear Counsel:

      On December 18, 2020, Plaintiff Hesman T., proceeding *pro se*, petitioned this Court to review the Social Security Administration's ("SSA's") final decision regarding a potential underpayment of Plaintiff's Supplemental Security Income benefits from April 2000 to January 2002. ECF No. 1. Plaintiff filed a Motion for Remand, ECF No. 9, and a Motion to Strike Defendant's Motion for Summary Judgment, ECF No. 30.[1] Defendant filed a Motion for Summary Judgment. ECF No. 28. I have considered the SSA's motion for summary judgment and Plaintiff's motions, and find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motions, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

      Plaintiff began receiving Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits pursuant to Titles II and XVI of the Social Security Act in April 1997. Tr. 282. In April 2000, Plaintiff's SSI benefits were terminated. Tr. 106-09. In January 2002, Plaintiff began receiving SSI benefits again. Tr. 110. In July 2015, the SSA determined that Plaintiff was eligible for SSI benefits from the period of April 2000 to January 2002, and awarded him $3,319.15 for this time period. Tr. 126-30. Plaintiff appealed this amount, arguing that he should have been awarded a larger sum, and after going through the steps in the SSA administrative process, Plaintiff's case was remanded by this Court for further review. Tr. 414. On April 11, 2019, and October 3, 2019, an Administrative Law Judge ("ALJ") held hearings. Tr. 374-406. Following the hearings, the ALJ determined that Plaintiff should be awarded $2,035.37 in SSI benefits for the period of April 2000 to January 2002. Tr. 363-73. The Appeals Council issued a final, reviewable decision of the SSA on November 13, 2020, in which they determined Plaintiff should be awarded $3,716.79 in SSI benefits for the period of April 2000 to January 2002. Tr.

---

[1] Plaintiff also filed a Motion for Default Judgment which was denied as moot. ECF Nos. 15, 20, 22.

*Hesman T. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3698
March 31, 2022
Page 2

348-55. The Appeals Council decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

I have carefully reviewed the Appeals Council's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the SSA's decision generally comports with regulations, (2) reviewing the agency's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the agency's findings). For the reasons described below, the Appeals Council's decision applied the correct legal standards, and the conclusions are supported by substantial evidence.

Before reviewing the Appeals Council's decision in Plaintiff's case, it is worth explaining that the standard of review in any Social Security appeals case is couched in federal statute and case law. Under 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." As explained by the Fourth Circuit:

> Under the Social Security Act, [the court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard. 42 U.S.C. §§ 405(g), 1383(c)(3); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229 (1938)); "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966). In reviewing for substantial evidence, we do not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the Secretary. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir.1990).

*Craig*, 76 F.3d at 589. In other words, a court does not review the evidence afresh; rather, it reviews the decision of the Appeals Council and evaluates whether the Appeals Council's decision is supported by the record. *See Theresa S. v. Saul*, Civil No. TMD-18-2850, 2020 WL 433861, at *4 (D. Md. January 28, 2020) (explaining that a court will not review the evidence in a Social Security appeal *de novo*, "or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner").

In Plaintiff's case, the ALJ proceeded in accordance with applicable law. SSA regulations set forth the formula for calculating SSI benefits. 20 C.F.R. § 416.1100. To begin, SSA counts earned and unearned income. *Id.* § 416.1104. In relevant part, earned income includes monthly wages, excluding (1) "[a]ny portion of the $20 monthly exclusion . . . which has not been excluded from your unearned income in that same month"; (2) the first $65 of earned income per month; and (3) one-half of remaining earned income in a month. *Id.* §§ 416.1110, 416.1111,

416.1112(c)(5). Unearned income includes social security and disability benefits, excluding the first $20 of unearned income per month. *Id.* §§ 416.1121(a), 416.1124(c)(12). The Appeals Council carefully calculated Plaintiff's countable earned income and unearned income for each month from April 2000 to April 2002, included the state supplement payment when applicable, and determined the amount of SSI benefits Plaintiff should have been paid during this timeframe. Tr. 353-54.

Plaintiff first argues that he submitted a request for an ALJ hearing on February 2, 2017 that was unduly delayed. *Id.* at 2-5. Plaintiff's record indicates that he requested hearings on February 18, 2005 (Tr. 34-35); May 10, 2005 (Tr. 36); October 20, 2015 (Tr. 143); December 21, 2015 (Tr. 145-54); and June 10, 2019 (Tr. 563-65). There is no record of Plaintiff's request for a hearing on February 2, 2017. Additionally, the statute and regulation noted by Plaintiff do not require that ALJ hearings must be held within 90 days of a request. 5 U.S.C. § 555(b); 42 U.S.C. § 405; 20 C.F.R. § 404.936. The caselaw that Plaintiff cites does not constitute binding law in this Court. *See Caswell v. Califano*, 583 F.2d 9 (1st Cir. 1978); *Blankenship v. Sec'y of HEW*, 587 F.2d 329 (6th Cir. 1978); *White v. Mathews*, 559 F.2d 852 (2nd Cir. 1977); *Cockrum v. Califano*, 475 F. Supp. 1222 (D.D.C. 1979). Further, the Supreme Court found, following the cases cited by Plaintiff, that "in light of the unmistakable intention of Congress, it would be an unwarranted judicial intrusion into this pervasively regulated area for federal courts to issue injunctions imposing deadlines with respect to future disability claims." *Heckler v. Day*, 467 U.S. 104, 119 (1984). Therefore, this argument is unavailing.

Plaintiff next maintains that "[c]ollection of the overpayment" would cause harm and states that the SSA did not obey different policies regarding overpayment. ECF No. 30 at 5-7, 9. Yet, in this case, the Appeals Council has determined that Plaintiff was underpaid $3,716.79. Tr. 354. Therefore, there is no overpayment being considered and these arguments need not be addressed.

Plaintiff also makes several arguments regarding whether the SSA complied with the Program Operations Manual System ("POMS"). ECF No. 30 at 7-9. However, POMS is a claims manual, not a regulation or a statute, and therefore does not have legal force. *See, e.g.*, *Schweiker v. Hansen*, 450 U.S. 785, 789 (1980) (explaining that the Social Security Claims Manual "is not a legal regulation. It has no legal force, and it does not bind the SSA."). Additionally, the arguments set forth by Plaintiff do not seem to contest the Appeals Council's finding of the underpayment of SSI benefits. Accordingly, this Court does not need to address these arguments.

Lastly, Plaintiff makes two final arguments: 1) that the SSA has wrongfully counted his income since 1995; and 2) that someone in an SSA office tried to maliciously ruin Plaintiff's credit. ECF No. 30 at 7. Regarding plaintiff's argument about wrongfully counting his income, he states that the SSA assumed he made $60,000 in a single year. *Id.* In the Appeals Council decision, however, Plaintiff's total countable income was calculated as approximately $3,300 from April to December 2000, approximately $8,000 in 2001, and $302.00 in January 2002. Tr. 353-54. Therefore, given the Appeals Council's careful accounting of Plaintiff's income from April 2000 to January 2002, and no evidence that the Appeals Council assumed Plaintiff made $60,000 in a single year, this argument is inapposite. Regarding Plaintiff's argument that someone in an SSA

*Hesman T. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3698
March 31, 2022
Page 4

office acted with malice and tried to ruin Plaintiff's credit, it is unclear how this is related to the Appeals Council's decision regarding the calculation of Plaintiff's SSI benefits underpayment. Given the lack of information describing how this is connected, this Court need not address this argument.

Plaintiff makes additional arguments in his Motion for Remand. ECF No. 9. Plaintiff cites to regulations and cases that apply to DIB benefits, while in this case, the Appeals Council addressed Plaintiff's SSI benefits. ECF No. 9 at 3, 5, 15-16 (citing 20 CFR § 404.508; *Cohen v. Berryhill*, No. 2:16-cv-1238-RMG-MGB, 2017 WL 3638229, at *1 (D.S.C. July 31, 2017)). Plaintiff also cites to regulations and caselaw regarding collection of benefit overpayments, but in this case, the Appeals Council determined that Plaintiff is owed SSI benefits. ECF No. 9 at 5-6, 8, 18-19 (citing 20 CFR § 416.537; *Howard v. Sec'y of Dept. of Health and Human Services of U.S.*, 741 F.2d 4 (2nd Cir. 1984); *Banks v. Schweiker*, 654 F.2d 637 (9th Cir. 1981); *Lieberman v. Shalala*, 878 F. Supp. 678 (S.D.N.Y. 1995)). Plaintiff cites to caselaw where the record was not adequate to prove the plaintiff's engagement in substantial gainful activity and/or ultimate entitlement to SSI benefits, whereas in this case the Appeals Council does not contest that Plaintiff engaged in substantial gainful activity and that Plaintiff is entitled to SSI benefits from April 2000 to January 2002. ECF No. 9 at 9, 11 (citing *Walker v. Harris*, 504 F. Supp. 806 (D. Kan. 1980); *Liebel v. Harris*, 493 F. Supp. 132 (E.D. Pa. 1980)). Lastly, Plaintiff cites to caselaw where plaintiffs' benefits were denied, but in this case, the Appeals Council stated that Plaintiff should be awarded benefits. ECF No. 9 at 17-18 (citing *Udd v. Massanari*, 245 F.3d 1096 (9th Cir. 2001); *Hankerson v. Harris*, 636 F.2d 893 (2nd Cir. 1980); *Taylor v. Harris*, 505 F. Supp. 153 (E.D. Tex. 1981)). These citations and related arguments, therefore, are not relevant.

Plaintiff states that Social Security Ruling ("SSR") 91-5p prohibits the SSA from causing undue hardship. ECF No. 9 at 4. SSR 91-5p, however, addresses good cause for missing a deadline to request review, which is not something discussed in the Appeals Council's decision. Plaintiff also argues that he paid his *pro rata* share of household operating expenses, which means his benefits should not be reduced by one-third. ECF No. 9 at 6, 9-10, 12, 16. Plaintiff cites, however, to a regulation that dictates how in-kind support and maintenance is determined and calculated with regard to your income. *See* 20 C.F.R. § 416.1133. Plaintiff does not allege that he received in-kind support and maintenance, and the Appeals Council does not state that Plaintiff received in-kind support and maintenance or that Plaintiff's SSI benefits would be reduced by one-third due to this *pro rata* share calculation. Therefore, this argument is moot.

Ultimately, my review of the Appeals Council's decision is confined to whether substantial evidence supports the decision and whether correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390 (1971). Even if there is other evidence that may support Plaintiff's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the Appeals Council. *Hays*, 907 F.2d at 1456. In considering the entire record, and given the evidence outlined above, I find that the Appeals Council supported its determination that Plaintiff should receive $3,716.79 in SSI benefits for the period from April 2000 to January 2002 with substantial evidence.

*Hesman T. v. Commissioner, Social Security Administration*
Civil No. SAG-20-3698
March 31, 2022
Page 5

For the reasons set forth herein, Plaintiff's Motion for Remand, ECF No. 9, is DENIED, Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment, ECF No. 30, is DENIED, Defendant's Motion for Summary Judgment, ECF No. 28, is GRANTED, and the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g).  The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion.  An implementing order follows.

           Sincerely yours,

           /s/
           Stephanie A. Gallagher
           United States District Judge